PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT BATES, | ) |
|      Petitioner, | ) CASE NO. 1:14CV0399 |
| | ) |
|      v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| SEAN BOWERMAN,[1] Warden, | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
|      Respondent. | ) [Resolving ECF No. 14] |

*Pro Se* Petitioner Robert Bates filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), alleging two (2) grounds for relief which challenge the constitutional sufficiency of his convictions and sentences for six (6) counts of robbery, three (3) of which included a three-year firearm specification and three (3) of which included a one-year firearm specification. The state trial court sentenced Petitioner to a total of 49 years in prison.

**I.**

The case was referred to Magistrate Judge George J. Limbert for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2). The magistrate judge submitted a Report and Recommendation (ECF No. 10) recommending that the Petition be dismissed in its entirety with prejudice because the two grounds for relief fail on the merits.

---

[1] According to Petitioner (ECF No. 18) and the Ohio Department of Rehabilitation & Correction website (https://appgateway.drc.ohio.gov/OffenderSearch (last visited March 12, 2019)), Petitioner is now confined at the Toledo Correctional Institution. The Warden of that institution, Sean Bowerman, is ordered substituted for Ronald Erdos, Warden.

(1:14CV0399)

No Objections to the magistrate judge's Report were filed, the Report was adopted, and the Petition for a Writ of Habeas Corpus was dismissed. *See* Memorandum of Opinion and Order (ECF No. 11) and Order of Dismissal (ECF No. 12). Thereafter, Petitioner served and filed a Motion for 60-Day Extension of Time To File Objections (ECF No. 13) in which he states he did not receive a copy of the Report and Recommendation. ECFNo. 13 at PageID #: 385. The Court granted the motion and Petitioner served and filed Objections to the Magistrate Judge's Report (ECF No. 14). Thereafter, the case was reopened on the Court's active docket. *See* Order (ECF No. 17). The Court, after reviewing the Objections, hereby again adopts the Report and denies the Petition.

## II. Facts

In July 2010, Petitioner was indicted in Case Nos. CR-10-539120-B (Indictment (ECF No. 7-6)), CR-10-539142-A (Indictment (ECF No. 7-7)), and CR-10-539321-A (Indictment (ECF No. 7-8)). In August 2010, Petitioner was indicted in Case No. CR-10-540937-B. Indictment (ECF No. 7-9). Attorney Mark Stanton was assigned as counsel for Petitioner in July/August 2010. In May 2011, his Motion for Leave to Withdraw as Counsel was granted and Attorney John Luskin was appointed to represent Petitioner.

On October 13, 2011, Petitioner indicated that he wanted to change his plea, so the state trial court advised him of his rights under Ohio R. Crim. P. 11. At the end of that plea colloquy, Petitioner decided not to take the plea. Transcript of Change of Plea Hearing (ECF No. 7-13 at PageID #: 164, 170); Transcript of Sentencing Hearing (ECF No. 7-13 at PageID #: 184). The parties reached a plea bargain on the first day of trial in CR-10-539142-A following the denial of

(1:14CV0399)

motions to suppress the photographic lineup and statements made by Petitioner. On October 17, 2011, Petitioner entered guilty pleas to amended charges in each case and other charges were dismissed. ECF No. 7-13 at PageID #: 164-81; Journal Entries (ECF No. 7-10). Petitioner made an oral motion to withdraw his guilty plea at the Sentencing Hearing on November 22, 2011. He argued that he was under duress and misconceptions at the time he entered his guilty plea. After hearing arguments from counsel and allowing Petitioner an opportunity to address the court, the trial court denied the motion. ECF No. 7-13 at PageID #: 183-87; Journal Entries (ECF No. 7-11). During his allocution, Petitioner stated: "I did not want to admit at one point in time that I'm not saying I did these crimes, I'm not saying I didn't do these crimes. In fact, I did do these crimes. I wholeheartedly apologize to all my victims, you know." ECF No. 7-13 at PageID #: 194. The trial court sentenced Petitioner to an aggregate 49-year term of imprisonment on all four (4) cases. ECF No. 7-13 at PageID #: 195-209; Journal Entries (ECF No. 7-12).

The Eighth District Court of Appeals of Ohio affirmed Petitioner's convictions and the trial court's denial of his motion to withdraw his guilty plea. *State v. Bates*, Nos. 97631, 97634, 97632, 97633, 2012 WL 3765021 (Ohio App. 8th Dist. Aug. 30, 2012) (ECF 7-18). The Ohio Supreme Court declined to accept jurisdiction of the appeal, *State v. Bates*, 134 Ohio St.3d 1449 (2013) (ECF No. 7-22), and Petitioner did not further appeal to the United States Supreme Court.

Thereafter, Petitioner timely filed the instant Petition for a Writ of Habeas Corpus (ECF No. 1).

### III. Standard of Review for a Magistrate Judge's Report and Recommendation

When objections have been made to the magistrate judge's Report and Recommendation, the District Court standard of review is *de novo*. Fed. R. Civ. 72(b)(3). A district judge:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*

Accordingly, the Court has conducted a *de novo* review of the portions of the magistrate judge's Report to which Petitioner has properly objected.

### IV. Law & Analysis

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus may not be granted unless the state court proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2); *see also Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000), *cert. denied*, 532 U.S. 947 (2001). The task of the Court is not to determine whether the Ohio Court of Appeals' decision was right or wrong. Instead, under the AEDPA, the Court must decide whether the state appellate court's adjudication of Petitioner's claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). As the United States Supreme Court has explained:

4

(1:14CV0399)

> an *unreasonable* application of federal law is different from an *incorrect* application of federal law. Indeed, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be objectively unreasonable. This distinction creates a substantially higher threshold for obtaining relief than *de novo* review. AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt.

Renico v. Lett, 559 U.S. 766, 773(2010) (internal citations and quotations omitted) (emphasis in original).

### A. Evidentiary Hearing

Petitioner requests that the Court hold an evidentiary hearing for the first time in his Objections. ECF No. 14 at PageID #: 395. Parties may not "raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]." Murr v. United States, 200 F.3d 895, 902 n. 1 (6th Cir. 2000). Issues not raised in the petition to the magistrate judge are deemed waived. Id.; United States v. Waters, 158 F.3d 933, 936 (6th Cir. 1998) (citing Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) ("[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived"). Because Petitioner did not raise this issue in his petition to the magistrate judge, it is deemed waived. Harrington v. McKee, No. 1:09-cv-122, 2012 WL 229564, at *4 (W.D.Mich. Jan. 24, 2012).

### B. Ground One

Petitioner argues that he was denied constitutional due process when the state trial court failed to properly advise him of the maximum penalty involved. Specifically, he contends that the trial court did not advise him of the maximum penalty he faced in each case or of the total

5

(1:14CV0399)

aggregate sentence he faced. In addition, Petitioner maintains that the trial court failed to advise him of the mandatory time he was subject to on the firearm specifications. The Assistant County Prosecutor, however, stated the following during the Change of Plea Hearing:

> And just so the record is clear, in regards to all four of the cases, the gun specifications do not merge. They must be run consecutive to each other and prior to this Court sentencing Mr. Bates for any term of incarceration on the felony of the second degree robberies, so that means that Mr. Bates will be serving twelve years in firearm specifications prior to any term of incarceration on these six robberies, the felonies of the second degree.

ECF No. 7-13 at PageID #: 168. Defense counsel indicated that he had advised Petitioner of the plea offer and gone over the mandatory time as well as the discretionary time in the case. ECF No. 7-13 at PageID #: 168. Petitioner declared that he understood the trial court's explanation that the underlying robbery offenses are "[f]elony twos . . . punishable by between two and eight years in state prison and a fine of up to $15,000." ECF No. 7-13 at PageID #: 171. The court further explained that the sentences could be run consecutively. ECF No. 7-13 at PageID #: 172. Next, the trial court proceeded to review the prison terms associated with the gun specification on each of the counts to which Petitioner was pleading in all cases. ECF No. 7-13 at PageID #: 172-73. After reviewing the one- and three-year firearm specifications in each case, Petitioner stated that he understood the court's declaration: "that's 12 years of firearm specifications that I've given to you . . . ." ECF No. 7-13 at PageID #: 173. The trial court declared that "there is mandatory time here," ECF No. 7-13 at PageID #: 174, and Petitioner stated that he understood the court's discussion of nonmandatory time, ECF No. 7-13 at PageID #: 174-75.

Regarding habeas review of state plea bargains, the United States Court of Appeals for the Sixth Circuit has stated:

6

(1:14CV0399)

> [A] federal court reviewing a state court plea bargain may only set aside a guilty plea or plea agreement which fails to satisfy due process. . . . If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.

*Desmyther v. Bouchard*, 108 Fed.Appx. 364, 366-67 (6th Cir. 2004) (per curiam), *cert. denied*, 544 U.S. 921 (2005) (quoting *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980), *cert. denied*, 454 U.S. 840 (1981)).

Under the circumstances of the case at bar, "it is appropriate to presume that defense counsel explained the nature of the [amended charges] in sufficient detail to give [Petitioner] notice of what he was asked to admit." *Whitley v. Lecureux*, No. 86-1031, 1986 WL 18487, at *2 (6th Cir. Dec. 29, 1986) (per curiam) (citing *Berry v. Mintzes*, 726 F.2d 1142, 1147 (6th Cir. 1984); *Henderson v. Morgan*, 426 U.S. 637, 647 (1976)). *See also*, *West v. Bradshaw*, No. 1:06CV1123, 2007 WL 2780506, at *3 (N.D. Ohio Sept. 24, 2007) (Gaughan, J.) (presumed to have been informed adequately by very experienced counsel of charge "even when the record is devoid of an explanation of the charge by the judge"). The record shows that Petitioner, whom has a sixth-grade education, ECF No. 7-13 at PageID #: 169, understood the amended charges against him, understood the consequences of a guilty plea, and voluntarily chose to plead guilty, without being coerced to do so, which renders his plea constitutionally valid.

Habeas relief is only available if Petitioner demonstrates that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. The Court agrees with the recommendation of the magistrate judge that Petitioner has not established that the decision of

7

(1:14CV0399)

the state Court of Appeals is contrary to, or involved an unreasonable application of, clearly established federal law. *See* ECF No. 10 at PageID #: 370, 379. Ground One is without merit.

**C. Ground Two**

Petitioner argues that the state trial court erred by denying his motion to withdraw his plea and thus denied him federal due process. The magistrate judge thoroughly examined the state Court of Appeals' rejection of this claim, and recommends the Court find no merit to Petitioner's second ground for habeas relief. *See* ECF No. 10 at PageID #: 381. The Court agrees.

To be valid, "[w]aivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). The trial court's finding that the plea was voluntary and not coerced is accorded a presumption of correctness under 28 U.S.C. § 2254(e)(1). *See Carethers v. Wolfenbarger*, 407 Fed.Appx. 14, 17 (6th Cir. 2011). Although the respondent has the burden to show that Petitioner's plea was voluntary and intelligent, the respondent generally satisfies that burden by producing a transcript of the plea proceeding. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993); *see also Meek v. Burgh*, 526 Fed.Appx. 530, 536 (6th Cir. 2013).

The Transcript of Change of Plea Hearing (ECF No. 7-13 at PageID #: 164-81) demonstrates that Petitioner's plea was voluntary and not coerced. The trial court explained the nature of the amended charges and the consequences of pleading guilty to them. Also, the court explained the rights that Petitioner would be waiving by pleading guilty. Furthermore, the court

8

(1:14CV0399)

ensured that Petitioner's plea was voluntary by asking whether counsel had answered all his questions, had explained the nature of the amended charges to him, and had provided him with good representation. Petitioner responded affirmatively to each question. In addition, when asked whether "anyone threatened you or made any promises to you, aside from the plea negotiations that [the Assistant County Prosecutor] just put on the record and your lawyer explained to you, in order to get you to plea today," Petitioner replied, "No." ECF No. 7-13 at PageID #: 170. "[T]he plea colloquy process exists in part to prevent petitioners" from later making claims like Bates' that undermine the voluntariness of their pleas. *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). Petitioner is bound by his representations at the plea colloquy and has otherwise failed to demonstrate that his plea was involuntary. *Id.*; *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

The Court concludes that the state Court of Appeals opinion finding Petitioner's plea to be voluntary was not contrary to or an unreasonable application of Supreme Court precedent.

### V. Conclusion

Petitioner's Objections (ECF No. 14) are overruled and the Report and Recommendation (ECF No. 10) of the magistrate judge is again adopted. Petitioner's request for an evidentiary hearing is denied. Robert Bates' Petition for a Writ of Habeas Corpus is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

(1:14CV0399)

The Clerk is directed to issue a copy of this Memorandum of Opinion and Order by regular mail to Robert Bates, #A621-051, Toledo Correctional Institution, 2001 East Central Avenue Toledo, Ohio 43608; and, Mary Anne Reese, Assistant Attorney General, Criminal Justice Section, 441 Vine Street, 1600 Carew Tower, Cincinnati, Ohio 45202.

IT IS SO ORDERED.

| | |
|---|---|
| March 13, 2019 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |